**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ANTHONY PAUL DESHOTEL** | : | **CIVIL ACTION NO. 15-38** |
| **DOC #118476** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CHARLES L. BULL, JR., ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the pro se civil rights complaint filed in forma pauperis by plaintiff Anthony Paul Deshotel (hereinafter "Deshotel"). Deshotel is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is incarcerated at Winn Correctional Center in Winnfield, Louisiana.

As defendants Deshotel names: Public Defender Charles L. Bull, Jr., District Attorney Michael C. Cassidy, and Judge of the Thirty-First Judicial District Court, Steve Gunnell.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

According to his complaint on September 17, 2012, Deshotel was sentenced, pursuant to a plea bargain, to ten years for Aggravated Burglary and five years for Theft over five hundred dollars. Doc. 1, att. 1, p. 2. He alleges that his plea was illegal because he was not read his Boykin Rights. Doc. 1, att. 1, p. 2. More specifically, he states that he did not expressly and knowingly waive his right against self-incrimination, his right to trial by jury, and the right to confront his accusers. *Id.*

As relief for the above, Deshotel seeks compensatory and punitive damages.  Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

### A.  Frivolity Review

Deshotel has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a

person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

The court is convinced that Deshotel has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

**C.  Heck Considerations**

Deshotel seeks monetary compensation for his allegedly unconstitutional conviction and imprisonment caused by the entry of an illegal plea.

The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas."  *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  *Heck,* which involved a civil rights claim brought by a state prisoner, is also applicable to claims for injunctive relief that imply the invalidity of the conviction. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir.2002).

It is clear that a judgment in Deshotel's favor in this proceeding would necessarily call into question the validity of the underlying conviction and sentence.  Therefore, he cannot obtain monetary damages until such time as his conviction and sentence have been reversed, expunged,

or otherwise set aside.  Deshotel has failed to make such a showing.  Consequently, his claim for monetary damages is "legally frivolous" within the meaning of 28 U.S.C. § 1915.  *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996).

### D.  Improper Defendants

Even if Deshotel's claims were not barred by *Heck*, they would nevertheless be subject to dismissal because he has not named a viable defendant.

Deshotel's claims against District Attorney Michael Cassidy must fail as such individuals enjoy an absolute immunity from suit.  Prosecutors enjoy absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).  The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id.*  "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir.1999) (internal quotation and citation omitted).

Deshotel's claims against Cassidy clearly revolve around the prosecution of the claims against him, which conduct is precisely the type of action protected by the absolute immunity afforded prosecutors.

Deshotel's claims against Judge Gunnell are likewise barred by immunity.  Judges have absolute immunity for acts done within the scope of their jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  The Fifth Circuit has delineated three elements to identify acts as being judicial in nature: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995,

998 (5th Cir. 1986).   These factors are construed liberally in favor of immunity.   *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).  Deshotel's complaint fails to demonstrate that any of Judge Gunnell's actions occurred outside of his chambers or the court, or that the actions did not arise out of the performance of his judicial duties.  Thus, according to *Eitel*, Judge Gunnell's actions were within his jurisdiction and he enjoys absolute immunity from these claims.

Finally, Deshotel's claims against his court appointed attorney, Charles L. Bull, Jr., also fail.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988). Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Deshotel's court appointed attorney did not act under color of state law in representing him in his criminal case.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Deshotel's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).  However, Deshotel may reassert his claim for monetary damages if and when the *Heck v. Humphrey* conditions are satisfied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE